■ CHARLES BORNSTEIN, as Trustee in Bankruptcy of MACNUTT ELECTRIC CO., INC., Appellant, v CITY OF NEW YORK, Respondent. — Order of the Supreme Court, New York County (M. J. Altman, J.) entered March 12, 1980, denying plaintiff's motion to dismiss defendant's eighth affirmative defense and granting defendant's cross motion for summary judgment modified, on the law, to deny defendant's cross motion for summary judgment and otherwise affirmed, without costs. Defendant engaged MacNutt Electric Co., Inc. to perform the electrical contracting work in connection with the construction of the 43rd Precinct station house. Although the original completion date was September 1, 1973, the work was not completed until June, 1975. On May 14, 1975, the city, through its Bureau of Building Construction, issued its certificate of completion and acceptance. The certificate reflected that the total amount payable to MacNutt under the provisions of the contract was $300,259.13. On December 31, 1975 MacNutt served a verified notice of claim upon the Department of Public Works and the comptroller. Attached thereto was a detailed schedule setting forth the basis for the claim and asserting that it was entitled to $247,146.64 in damages over and above the original contract price. Thereafter, MacNutt commenced this action to recover the sum claimed as damages. On May 6, 1976, slightly less than a month after the commencement of suit MacNutt filed the requisite documents necessary to enable it to collect the balance due on the original contract price. The day following the city forwarded its contract voucher final certificate reflecting the balance due under the contract. Receipt thereof was acknowledged by MacNutt on May 18, 1976. In due course the city completed its processing of MacNutt's final requisition and on June 26, 1976 it remitted to MacNutt its warrant in the amount of $25,891.42 reflecting the balance due on the original contract. This warrant, which contained the words "FINAL PAYMENT", was deposited in MacNutt's bank account. Concededly, at the time, MacNutt's suit against the city for alleged damages due to delay was pending. It is undisputed that neither the warrant, nor a copy thereof, was transmitted to MacNutt's attorney in that suit. The contract in question provided in part "that the acceptance by the contractor of the final payment shall constitute and operate as a release to the City from all claims or liability to the contractor relating to or arising out of the contract". In its answer to the pending suit the city asserted, as its

eighth affirmative defense, this provision of the contract. Thereafter, MacNutt was adjudicated a bankrupt. Plaintiff, as MacNutt's trustee in bankruptcy, moved to strike this eighth affirmative defense. The city cross-moved for summary judgment. Special Term denied plaintiff's motion and granted the city's cross motion. The purpose of the contract provision is to insure that the city will have knowledge of any additional claim against it at the time final payment is made. This enables the city to apportion its resources and to set aside appropriate reserves to meet contingencies. Here, the claim of plaintiff was already in suit. Notice of the precise claim had been furnished to it in the detailed schedule appended to and constituting part of its notice of claim. In these circumstances the intent of the parties on the question of release becomes a controlling factor. Added to this is the claim that the warrant was inadvertently deposited by a member of MacNutt's clerical staff in MacNutt's account. Thereafter, it was sought to be returned, albeit some six months later. Whether this belated endeavor to return the payment is sufficient to demonstrate that MacNutt never intended to release the city or is an endeavor to circumvent the release clause is an additional question of fact which must be determined. In sum, there are issues involved in the city's claim of release which must await determination at a plenary trial. Accordingly, the cross motion for summary judgment should have been denied. Concur — Sullivan, J. P., Ross, Bloom, Fein and Alexander, JJ.